## STRIPLING v. SOUTHWESTERN BELL TELEPHONE CO. (No. 1015.)

(Court of ·Civil Appeals of Texas. Beaumont. Nov. 30, 1923.)

**1. Appeal and error ⊚⟶1151(3)—Failure to award 25 cents additional damages held insufficient to warrant reversal.**

Failure to award plaintiff an additional 25 cents for three days' discontinuance of telephone service *held* such a small matter as not to require reversal, being correctible by reforming the judgment.

**2. Appeal and error ⊚⟶994(3)—Failure to award damages testified to by plaintiff and wife held not reversible error.**

Failure to award damages for inconvenience and annoyance to plaintiff and his wife, as testified to by them, *held* not ground for reversal, though their testimony was sufficient to warrant a finding for them; the jury not being compelled to give credence to the evidence of interested witnesses or parties to the suit.

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Action by J. J. Stripling against the Southwestern Bell Telephone Company. From a judgment for plaintiff in an unsatisfactory amount, he appeals. Reformed and affirmed.

J. E. Rose, of Port Arthur, for appellant.

R. E. Masterson, of Beaumont, for appellee.

HIGHTOWER, J. Appellant filed this suit against appellee in one of the justice's courts of Jefferson county to recover damages, alleging that he was a subscriber to appellee's telephone system in the city of Port Arthur, and that appellee wrongfully cut out his phone and kept it cut out for a period of three days; that appellant's wife was in ill health at the time, and frequently used the phone to communicate with her physician and for ordering medicine and other things, as well as for communicating with appellant when she would feel uneasy about her condition, and also that appellant used the phone for the purpose of communicating with his wife while absent from home, and at his place of business. It was then alleged that appellee knew of Mrs. Stripling's ill health, and that she needed the phone for the uses aforesaid, and that she would be greatly annoyed and inconvenienced if the phone should be cut out, and that appellant would be annoyed and inconvenienced also, but that, notwithstanding appellee's knowledge of such facts, it caused the phone to be cut out, and kept it cut out for a period of three days, claiming as its reason for doing so that appellant was in arrears for his phone service, but that, in fact, such claim was false and untrue. Appellant further alleged that

in consequence of his phone being cut out and being deprived of the use of it, he was caused to lose time from his employment, and thereby sustained a loss of $16.20. He further alleged that, according to his contract price for the phone service, he was entitled to recover from appellant 25 cents, by reason of the fact that the phone was cut out for a period of three days. He prayed for judgment in the aggregate of $195.25. Appellee answered by general demurrer and general denial.

On trial in the justice's court, verdict was returned in favor of appellant, Stripling, for $195.25, the full amount sued for, and judgment was entered accordingly. From that judgment, the appellee, the telephone company, appealed to the county court at law, and, upon trial in the latter court with a jury, verdict was returned in favor of appellant for $16.20. We cannot tell from the record how the county judge submitted the case to the jury, there being no intimation whether it was by a general charge or upon special issues. After his motion for new trial in the county court was overruled, appellant prosecuted an appeal to this court.

[1] On the trial of the case it was shown, without dispute, that appellant was not in arrears for his phone service, as was claimed by appellee, and that his phone was cut out for a period of three days because of a mistake of some employé in appellee's office. It was also shown by appellant's evidence (and the effect of the jury's verdict is to affirm that showing) that appellant lost $16.20 worth of time in consequence of appellee's wrongful act in cutting out his phone. It was further shown that, according to the contract price for the rent of the phone, which had been paid in advance to appellee, appellant was entitled to recover 25 cents for the three days that the phone was cut out. This element was pleaded by appellant, and, upon the admitted facts, as reflected by this record, he should have been awarded recovery for this additional 25 cents, making in all $16.45. This matter was called to the trial court's attention in appellant's motion for a new trial, and his claim in that regard should have been conceded by appellee, but it was not, and appellant insists in this court that we should reverse and remand the case upon this ground alone. After carefully reviewing the record, we have concluded that it is not necessary to reverse and remand the case on account of this small matter, but can correct it by reforming the judgment.

[2] Appellant next insists that the judgment should be reversed, because the jury acted arbitrarily and in the face of the undisputed evidence before them in not awarding appellant damages because of the inconvenience and annoyance suffered by himself and wife in consequence of appellee's wrongful

act in cutting out and depriving them of the use of their phone.

Both Mr. Stripling and Mrs. Stripling were witnesses on the trial below, and both testified to the alleged inconvenience and annoyance, and their testimony in this connection was sufficient to warrant a finding by the jury in their favor as to this element, but would not compel such a finding, they being interested parties. It has often been held in this state that a jury is not compelled to give credence to the evidence of an interested witness or to that of a party to the suit, and the jury in this case, as is reflected by the verdict, concluded that no substantial damage was suffered by Mr. and Mrs. Stripling because of inconvenience and annoyance in being deprived of the use of their phone during the three days it was cut out. We therefore overrule appellant's contention on this point.

What we have said has the effect to dispose of all contentions found in appellant's brief, and requires no further mention of any of them.

The trial court's judgment is reformed to the extent of allowing appellant recovery of an additional 25 cents, making the judgment in appellant's favor $16.45, and as so reformed is affirmed, and the costs of this appeal are adjudged against the appellee.